
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA RAMIREZ ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-72923<br><br>Agency No. A216-268-398<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2020[**]
San Francisco, California

Before: WALLACE, GRABER, and COLLINS, Circuit Judges.

Petitioner Jessica Ramirez Escobar, a native and citizen of El Salvador,

timely petitions for review of the Board of Immigration Appeals' ("BIA") final

order denying relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

petition in part and dismiss it in part.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1. The discussion in the body of Petitioner's brief mentions her claim for protection under the Convention Against Torture but contains no supporting argument to explain why the agency's rejection of that claim was erroneous. Accordingly, Petitioner has waived or forfeited any arguments concerning the denial of that claim. Daewoo Elecs. Am. Inc. v. Opta Corp., 875 F.3d 1241, 1247 n.6 (9th Cir. 2017); Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

2. We lack jurisdiction to consider Petitioner's proposed social group of "Salvadoran women," because Petitioner did not present that group to either the immigration judge or the BIA. In her briefing and testimony, Petitioner proposed only the social groups of "Salvadoran women who refuse gang recruitment" and Petitioner's family unit. In response to a question from the immigration judge, Petitioner testified that there were no other social groups that she believed applied in this case. We therefore lack jurisdiction to consider the group proposed on appeal. Honcharov v. Barr, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam).

3. As to the Petitioner's asylum claim, substantial evidence supports the BIA's conclusion that the local gang's actions toward Petitioner were not on account of Petitioner's membership in a protected group, because they were motivated by "the financial gain of extortion, and not any animus against [Petitioner's] family." Petitioner consistently testified that she and her family were

2

targeted by the local gang as a result of the gang's efforts to extort the family. Although unfortunate, Petitioner's situation was not unique in El Salvador. Petitioner testified that her family members were "not the only ones" and that the gangs "asked a lot of others for the same." Moreover, Petitioner's documentary evidence states that "businesses and private citizens are subject to extortion by organized criminal groups on a regular basis." "An alien's desire to be free from harassment by criminals . . . or random violence by gang members bears no nexus to a protected ground." Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010).

4. The BIA properly concluded that, given the lack of any nexus to a protected ground, Petitioner likewise failed to show that she was eligible for withholding of removal. See Barajas-Romero v. Lynch, 846 F.3d 351, 359-60 (9th Cir. 2017) (holding that withholding of removal requires a showing that a protected ground would be "a reason" why the applicant's life or freedom would be threatened).

5. We need not and do not reach Petitioner's other arguments.

**PETITION DENIED IN PART and DISMISSED IN PART.**